### PULVER against M'INTYRE.

IN ERROR, on *certiorari* to a justice's court.

The plaintiff in error, who was also plaintiff in the court below, brought an action against the defendant, who was a constable, for the escape of one *Johnson.* It appeared on the trial, that the plaintiff obtained judgment against *Johnson*, in a justice's court, on the 9th of *May*, 1815; that an execution was issued on the same day, and put into the hands of the defendant, whereon *Johnson* was arrested, and permitted by the defendant to go at large for nine days, upon one *Miller* undertaking that, at the expiration of nine days, *Johnson* should surrender himself to the defendant, which was done, and *Johnson* committed to prison. A verdict, and judgment, was given in the court below for the defendant.

*Where an execution is issued out of a justice's court, against the body of a defendant, although the constable has thirty days within which to serve it, yet if he arrests him during that time, it will be an escape to suffer him to go at large, which will not be excused by his having the defendant in custody at the expiration of the thirty days.*

*Per Curiam.* The judgment must be reversed. The constable permitting the defendant to go at large for nine days was a voluntary escape, and the plaintiff's cause of action accrued immediately upon the escape. Although a constable has thirty days in which to serve an execution against the body; yet, if he does serve it within that time, he has no right to permit the defendant to go at large; and his having him in custody at the expiration of the thirty days, will not excuse the escape. The present action was commenced while *Johnson* was at large, and before he surrendered himself to the constable, pursuant to his agreement.

Judgment reversed.